# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11cv139

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SONJA DENSON | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff filed its Complaint on June 8, 2011. Defendant was served several days later on June 13, 2011. Defendant, who is proceeding *pro se,* failed to file a timely answer. After Plaintiff moved for the entry of default, the Clerk entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Subsequently, Defendant filed her Answer, which Plaintiff moved to strike as untimely.

The Court may set aside the entry of default for good cause shown. Fed. R. Civ. P. 55(c). Defendant, however, has not moved to set aside default or shown good cause for doing so. Accordingly, the Court **DIRECTS** Defendant to file a response to this Order setting forth good cause for setting aside default in this case. Defendant shall file this response by August 19, 2011. Specifically, Defendant should address why she failed to file a timely answer and why this Court should set aside the default

and allow this case to proceed on the merits.

The Court notes that it must liberally construe rule 55(c). <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987). In determining whether to set aside default in this case, the Court will consider whether Defendant has a meritorious defense, whether she acted with reasonable promptness, the personal responsibility of Defendant in the default, the prejudice to Plaintiff in setting aside default, whether there is a history of dilatory action on the part of Defendant, and whether a less drastic sanction is available. <u>Colleton Preparatory Academy, Inc.v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010). As the Fourth Circuit explained in <u>Colleton Preparatory</u>, "[w]e have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on the merits." <u>Id.</u>

Finally, the Court **DENIES without prejudice** the Motion to Strike [# 9]. If Defendant does not show good cause for setting aside the entry of default by August 19, 2011, the Court will strike the Answer and direct Plaintiff to file a motion for default judgment. If the Court finds good cause, the Court will set aside the entry of default and allow Defendants's untimely Answer.

Signed: August 2, 2011

Dennis L. Howell
United States Magistrate Judge