THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv139

| | |
|---|---|
| SYNOVUS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SONJA DENSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Set Aside Entry of Default [Doc. 11] and the Defendant's Motion for Leave to File Answer and to Set Aside Default [Doc. 16].

**I.  PROCEDURAL BACKGROUND**

The Plaintiff filed its Complaint on June 8, 2011. [Doc. 1]. The Defendant was served with a summons and a copy of the Complaint via certified mail on June 13, 2011. [Doc. 3]. When the Defendant did not file an answer in the time required, the Plaintiff moved for entry of default. [Doc. 4]. The Clerk entered default against the Defendant on July 18, 2011. [Doc. 5]. Thereafter, on July 22, 2011, the Defendant, proceeding *pro se*, filed a "Response to Motion to Enter Default" [Doc. 7] and an Answer [Doc. 8].

On July 29, 2011, the Plaintiff moved to strike the Defendant's Answer on the grounds that default had been entered. [Doc. 9]. The Court then directed the Defendant to respond to the Plaintiff's motion to strike and state reasons why the Court should receive the Defendant's Answer and further to show cause why the entry of default should be set aside. [Doc. 13]. The Plaintiff's motion to strike was denied without prejudice. [Id.]. The Defendant had meanwhile filed her motion to set aside entry of default. [Doc. 11]. The Defendant then also filed a pleading entitled "Motion for Leave to File Answer and to Set Aside Default" on August 17, 2011, [Doc. 16], which appeared to be in response to the Court's Order. The Plaintiff filed a Response [Doc. 17], opposing the Defendant's motions.

## II. ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). An entry of default may be set aside upon a showing of good cause by the defaulting party. Fed. R. Civ. P. 55(c).

The Court has broad discretion in deciding whether to set aside an entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir.1967). As a general rule, "relief from a judgment

of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Additionally, the Court also should consider "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

In the present case, the Court finds that the Defendant acted with reasonable diligence in moving to set aside the entry of default, as her first pleading seeking relief was filed just four days after default was entered. Additionally, the Defendant has tendered potentially meritorious defenses of the Plaintiff's action by way of both her Answer and the Motion to Set Aside Default [See Docs. 8, 16].

The Court also must consider the personal responsibility of the defaulting party. In this case, the Defendant is proceeding *pro se*. In her Motion to Set Aside Default, she asserts that she attempted to retain counsel but was financially unable to do so. Once she realized that she could not afford an attorney, Plaintiff began to prepare an answer to the Complaint. She contends, however, that because she is not an attorney, she miscalculated

the due date for the filing of her Answer and did not realize that her failure to file a formal Answer would result in the entry of default. [Doc. 16 at 1]. These assertions, however, are contrary to the information included in the Summons she received on June 13, 2011, which clearly informs the Defendant how to calculate the time for the filing of an answer and of the consequences in failing to respond. [See Civil Summons Form AO440, available at http://www.nwcd.uscourts.gov/Documents/NewSummonsTest.pdf (last visited September 26, 2011)]. Thus this factor, without more, does not favor setting aside the entry of default. Consideration of the other relevant factors, however, does favor granting the Defendant relief. There is no history of dilatory action on the part of the Defendant in this case. Further, the Court finds that the Plaintiff would not be prejudiced if the entry of default against the Defendant were set aside at this time.

The Fourth Circuit has cautioned that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). After weighing the relevant factors, the Court concludes that the Defendant has established good cause to set aside the entry of default in this case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Set Aside Entry of Default [Doc. 11] and the Defendant's Motion for Leave to File Answer and to Set Aside Default [Doc. 16] are **GRANTED**, the default entered by the Clerk of this Court is **SET ASIDE**, and the Answer previously filed by the Defendant is hereby **ACCEPTED**.

**IT IS FURTHER ORDERED** that the parties shall conduct an initial attorneys' conference as soon as practicable but no later than **ten days after the entry of this Order** and that the parties shall file a certificate of initial attorneys' conference with the Court within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: September 26, 2011

Martin Reidinger
United States District Judge